# EXHIBIT "A"

**Silverman, Trotman & Schneider, LLC**
Louis T. Silverman, Esquire, Id № 51504
Michael Lalli, Esquire, Id. № 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA   19102
p. 215.564.1414
f. 215.564.1919
Our File № 23372



**Notice to Plead:**
You have 20 days to respond to this Complaint of a Default Judgment may be entered against you.

*Jury Trial Demanded*

### In the Commonwealth of Pennsylvania Court of Common Pleas
### Philadelphia County

| | |
|---|---|
| **Alfred Holmes**<br>100 Shadeland Ave.<br>Upper Darby, PA 19061<br><br>　　　　　　Plaintiff;<br><br>v.<br><br>**Fitness International, LLC d/b/a LA Fitness**<br>c/o CT Corporation<br>600 N. 2nd Street, Suite 401<br>Harrisburg, PA 17101<br>　　　　　　Defendant. | March Term, 2021<br><br><br><br>Civil Action №:<br><br>**Plaintiff's Civil Action<br>Complaint<br>Jury Trial Demanded** |

### NOTICE

　　　You have been sued in court, if you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

　　　YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.   IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE

Case ID: 210300389

THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information
1101 Market Street - 11th Floor
Philadelphia, PA 19107
(215) 238-6333

**<u>AVISO</u>**

Le han demandado a usted en la corte.   Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación, hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.   Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.   Además, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.   Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.   SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociación De Licenciados De Filadelfia
Servicio De Referencia E Información Legal
1101 Market Street - 11th Floor
Philadelphia, PA 19107
Teléfono: (215) 238-6333

Case ID: 210300389

**Silverman, Trotman & Schneider, LLC**
Louis T. Silverman, Esquire, Id № 51504
Michael Lalli, Esquire, Id. № 203201
1500 Market Street, Suite 4060
Centre Square – West Tower
Philadelphia, PA   19102
p. 215.564.1414
f. 215.564.1919
Our File № 23372

*Attorneys for Plaintiff*

**Notice to Plead:**
You have 20 days to respond to this Complaint of a Default Judgment may be entered against you.

*Jury Trial Demanded*

### In the Commonwealth of Pennsylvania Court of Common Pleas
### Philadelphia County

| | |
|---|---|
| **Alfred Holmes**<br>100 Shadeland Ave.<br>Upper Darby, PA 19061<br>　　　　　Plaintiff;<br><br>v.<br><br>**Fitness International, LLC d/b/a LA Fitness**<br>c/o CT Corporation<br>600 N. 2nd Street, Suite 401<br>Harrisburg, PA 17101<br>　　　　　Defendant. | March Term, 2021<br><br><br>Civil Action №:<br><br>Plaintiff's Civil Action<br>Complaint<br>Jury Trial Demanded |

### Plaintiff's Civil Action Complaint

1.   Plaintiff Alfred Holmes, (hereinafter "plaintiff" and/or "Holmes") is an adult individual who at all relevant times resides at the address identified in the caption above.

2.   Defendant Fitness International, LLC (hereinafter "defendant," and/or "LA Fitness") is corporation, company and/or other business entity which, at all relevant

Case ID: 210300389

times, maintained offices and/or a registered address, at the location identified in the caption above.

3. At all relevant times, defendant LA Fitness acted and/or gained knowledge itself and/or by and through its employees, agents and/or ostensible agents.

4. At all relevant times, defendant LA Fitness itself, and/or by and through its employees, agents and/or ostensible agents, owned, leased, maintained, managed, controlled and/or was otherwise responsible for the subject property located at 900 Eden Circle, Bear, DE 19701 (hereinafter "subject property").

5. At all relevant times, defendant regularly conducted business in the Commonwealth of Pennsylvania and within the County of Philadelphia, and therefore, this matter is properly venued in this Court.

6. At all relevant times, defendant operated an LA Fitness gym/club at the subject property.

7. At all relevant times, plaintiff was a business invitee of defendant.

8. At all relevant times, defendant had a duty keep the subject property free and clear of any unreasonable dangers or hazards, and/or to prevent any new or increased hazards or dangers from occurring through its own conduct and/or the conduct of its employees, agents and/or ostensible agents.

9. At all relevant times, defendant, itself, and/or by and through its employees, agents and/or ostensible agents, had a duty keep the subject property free and clear of

any unreasonable dangers or hazards, and/or to prevent any new or increased hazards or dangers from occurring through their own conduct and/or the conduct of their employees, agents and/or ostensible agents.

10. At all relevant times, defendant itself, and/or by and through its employees, agents and/or ostensible agents, had actual and/or constructive notice of hazardous, dangerous and or criminal conduct of Patrick Peters at the subject property, and defendant's corresponding duty to take reasonable measures to prevent and/or reduce the risk that plaintiff would be harmed by the actions of Patrick Peters.

11. At all relevant times, defendant itself, and/or by and through its employees, agents and/or ostensible agents, had a duty to reasonably investigate and discover hazardous, dangerous and or criminal conduct of Patrick Peters at the subject property, that might potentially cause harm to plaintiff and/or other similarly situated customers.

12. At all relevant times, defendant itself, and/or by and through its employees, agents and/or ostensible agents, had a duty to ensure that those without memberships or other access to the gym were prevented from entering the gym.

13. At all relevant times, defendant itself, and/or by and through its employees, agents and/or ostensible agents, had a duty to ensure that there was adequate staffing and/or security in order to protect plaintiff and/or other similarly situated customers from harm.

14. On December 8, 2019 at approximately 7:00 - 7:30 p.m., plaintiff was at the subject property when he was assaulted and injured by Patrick Peters, who was permitted to enter and use the gym facilities by defendants.

15. Prior to and at the time of the assault, Peters was verbally and/or physically aggressive and/or threatening customers at the subject property, with the actual and/or constructive knowledge of defendant, itself, and/or by and through its employees, agents and/or ostensible agents.

16. The aforementioned assault of plaintiff by Peters was a foreseeable risk, danger and/or hazard which was the result of the negligence and/or breach of the aforementioned duties of defendant, its employees, agents and/or ostensible agents.

17. At all relevant times, defendant itself and/or by and through its employees, agents, and/or ostensible agents, had actual and/or constructive notice of the aforementioned risk, danger and/or hazard of Peters' assault of plaintiff and/or others similarly situated.

18. At all relevant times, defendant itself and/or by and through its employees, agents, and/or ostensible agents knew and/or reasonably should have known of the aforementioned risk, danger and/or hazard of Peters' assault of plaintiff and/or others similarly situated.

19. As a direct and proximate result of defendants' conduct and the resulting incident, plaintiff suffered injuries and related damages which are serious and/or permanent, including a fractured jaw which required surgical intervention.

20. As a direct and proximate result of defendants' aforementioned conduct, plaintiff suffered injuries, significant pain and suffering, anguish, inconvenience, loss of life's pleasures, disfigurement, lost earnings and/or earning capacity.

## Count I
## Holmes v. LA Fitness

21. Plaintiff repeats each and every allegation of all preceding and subsequent paragraphs with the same force and effect as if set forth here at length.

22. The negligence, carelessness and/or otherwise unreasonable conduct of defendant included the following:

   a.  allowing a dangerous / hazardous condition/situation to occur and/or continue to exist at the subject property;

   b.  failing to properly create and/or maintain a safe property;

   c.  failing to properly train and/or instruct its employees and/or agents regarding how to create and/or maintain a safe property;

   d.  creating and/or permitting the occurrence of unreasonably dangerous and/or hazardous conditions/situations at the subject property;

   e.  failing to have proper staffing;

f. failing to have and/or enforce standards for prohibiting those without proper access to the subject property from entering the subject property;

g. allowing the presence of a dangerous / hazardous individual (Peters) at subject property without taking measures to warn or otherwise protect plaintiff and/or others similarly situated;

h. failing to adequately warn plaintiff and/or others similarly situated of presence of, and/or the dangerous and/or hazardous propensities of, Peters at the subject property;

i. failing to ask Peters to leave the subject property, or otherwise have him removed, despite knowledge of his presence there and harassment of and/or threatening behavior toward plaintiff and/or other customers;

j. causing, increasing the risk of and/or enhancing the dangers and/or hazards associated with the presence of a dangerous / hazardous individual (Peters) at the subject property;

k. inadequate or non-existent enforcement of policies for addressing the presence of a dangerous / hazardous individual (Peters) at the subject property;

l. vicarious liability for the negligent acts and/or omissions of its employees, agents and/or ostensible agents with regard to Peters' behavior at the subject property and his eventual assault of plaintiff;

23. As a direct and proximate result of defendant's aforementioned conduct, plaintiff suffered severe, painful and/or permanent bodily injuries.

24. As a further result of defendant's aforementioned conduct, plaintiff has been obligated to receive medical attention and care for his injuries, and to incur various expenses for said care, and may be obligated to continue to expend such sums and

Case ID: 210300389

expenditures for an indefinite time in the future, therefore, plaintiff is entitled to recover any and all medical expenses and costs.

25.   As a further result of defendant's aforementioned conduct, plaintiff has been unable to attend his daily chores, duties, and occupations, and may be unable to do so for an indefinite period of time in the future.

26.   As a further result of defendant's aforementioned conduct, plaintiff may suffer loss of wages and/or earning capacity for an indefinite time in the future.

27.   As a further result of defendant's aforementioned conduct, plaintiff has or may continue to in the future incur other medical and/or financial expenses or losses which he is entitled to recover.

28.   As a further result of defendant's aforementioned conduct, plaintiff has suffered severe physical pain, aches, fear, anguish, humiliation, inconvenience, loss of life's pleasures, and/or disfigurement and she may continue to suffer the same for an indefinite time in the future.

**WHEREFORE**, plaintiff demands judgment in his favor and against defendant for compensatory damages in an amount in excess of the limits of compulsory arbitration, costs, expenditures, delay damages, pre-and post-judgment interest, and/or any further relief as is found to be just and appropriate.

Case ID: 210300389

**SILVERMAN TROTMAN & SCHNEIDER, LLC**

/s/ Michael P. Lalli, Esquire
Louis T. Silverman
Michael P. Lalli
*Attorneys for Plaintiff*

DATED: March 4, 2021

## VERIFICATION

I, Alfred Holmes_____, hereby states that I am the plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint_____ are true and correct to the best of my knowledge, information and belief. I understand that the statements therein are made subject to the penalties of 18 Pa. C.S. §4909 relating to unsworn falsification to authorities.

Date: 3/4/21

X _____ (signature)

Case ID: 210300389